IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL JOSEPH McGRATH                                              PLAINTIFF

v.                                   Civil No. 2:22-CV-02003-PKH-MEF

JAIL ADMINISTRATOR
KEYSHA PHELPS,
SHERIFF JASON MASSEY, and
DARRELL ELKINS                                                        DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's repeated failure to obey Court Orders and failure to prosecute this case.

## I.        BACKGROUND

Plaintiff filed his Complaint on January 4, 2022.  (ECF No. 1).  He was granted *in forma pauperis* ("IFP") status that same day.  (ECF No. 3).  In the Order granting IFP status, Plaintiff was advised that failure to immediately inform the Court of any address change would result in the dismissal of his case.  (*Id*.).  At the time he filed his Complaint, Plaintiff was incarcerated in the Logan County Detention Center.  Plaintiff filed a Notice of Address Change on January 10, 2022, indicating he was now incarcerated in the Arkansas Division of Correction ("ADC") Ouachita River Unit.  (ECF No. 7).

On February 28, 2022, the undersigned entered a Report and Recommendation to dismiss the Complaint for failure to state a claim upon which relief may be granted.  (ECF No. 8).  On

1

March 17, 2022, Plaintiff filed a Notice of Address Change indicating he was incarcerated in the ADC Wrightsville Unit and an Objection to the Report and Recommendation. (ECF Nos. 9, 10). Because the Objection provided a more detailed factual account of his claims, the Honorable P. K. Holmes, III, Senior United States District Judge, directed Plaintiff to file an Amended Complaint. (ECF No. 11). Plaintiff filed his Amended Complaint on April 15, 2022. (ECF No. 12). Based on that Amended Complaint, Judge Holmes found the Report and Recommendation to be moot. (ECF No. 13). In his Amended Complaint, Plaintiff alleges he was denied medical care, denied prescribed medications, and subjected to excessive force in a restraint chair while incarcerated in the Logan County Detention Center. (ECF No. 12).

Defendants filed their Motion for Summary Judgment on January 4, 2023. (ECF No. 32). On January 5, 2023, the undersigned entered an Order directing Plaintiff to provide his Summary Judgment Response by January 26, 2023. (ECF No. 35). When Plaintiff failed to do so, the undersigned entered a Show Cause Order directing Plaintiff to show cause for his failure to obey a Court Order by March 10, 2023. (ECF No. 36).

On March 3, 2023, Plaintiff filed a Notice of Address Change stating he had been released from the ADC on January 10, 2023, and he had been in and out of the hospital since his release. (*Id*. at 1). Plaintiff indicated he now had a "stable address" in the Logan County Detention Center. (*Id*.). Plaintiff further indicated he had been "separated" from his legal materials. (*Id*.). The undersigned notes the Court was not informed of his release from the ADC in January until receipt of this Notice — three months after that release.

On March 6, 2023, the undersigned entered a Second Order directing Plaintiff to submit his Summary Judgment Response, with the deadline set for March 27, 2023. (ECF No. 38). That same day, mail previously sent to Plaintiff at the ADC Wrightsville Unit was returned

undeliverable, indicating Plaintiff had been paroled.  (ECF No. 39).  The Second Order and all returned mail was sent to Plaintiff at the Logan County Detention Center.  (*Id*.).

In response to that mailing, Plaintiff filed a Show Cause Response and a Motion for Miscellaneous Relief on March 13, 2023.  (ECF Nos. 40, 41).  Plaintiff again stated that he had been released from the ADC on January 10, 2023, and that he had become homeless and separated from his legal documents on January 14, 2023.  (ECF No. 40).  He further states he had been hospitalized for a hernia starting in mid-January.  (*Id*.).  Plaintiff's Motion for Miscellaneous Relief was construed to be a Motion for Appointment of Counsel and denied on March 15, 2023.  (ECF No. 42).  The undersigned also entered two other Orders on March 15, 2023.  In the first, the Clerk was directed to send Plaintiff a copy of the docket sheet and his Amended Complaint, and the Defendants were directed to send Plaintiff another copy of their Motion for Summary Judgment and accompanying exhibits.  (ECF No. 43).  The undersigned then entered a Third Order directing Plaintiff to submit his Summary Judgment Response by May 1, 2023.  (ECF No. 44).  All this mail was sent to the Logan County Detention Center and was subsequently returned as undeliverable on April 3 and April 14 of 2023.  It was then all resent to the ADC address provided by Plaintiff on March 29, 2023.  (ECF Nos. 48, 49).

On March 29, 2023, Plaintiff filed a Notice of Address Change and a Motion for Extension of Time to file his Summary Judgment Response.  (ECF Nos. 45, 46).  Plaintiff indicated his new address was the ADC Ouachita River Unit.  (ECF No. 45).  Plaintiff's Motion for Extension of Time was granted, and he was given until June 1, 2023, to submit his Summary Judgment Response.  (ECF No. 47).  Plaintiff has not informed the Court of any address change since March 29, 2023, and his address of record for this case remains the ADC Ouachita River Unit.  None of the mail sent to the ADC Ouachita River Unit has been returned undeliverable.

To date, Plaintiff has failed to submit his Summary Judgment Response.  Further, he has not communicated with the Court since March 29, 2023.

## II.       LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.       ANALYSIS

Plaintiff has failed to immediately inform the Court of his current address as required by Local Rule 5.5(c)(2) on at least one occasion.  Plaintiff has failed to comply with three Court Orders directing him to submit his Summary Judgment Response.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule

5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.    CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 12) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of June 2023.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE